# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **TERESA K. PENLEY,** ) | |
| ) | |
| Plaintiff, ) | Case No. 2:04CV00106 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **JO ANN B. BARNHART,** ) | By: James P. Jones |
| **COMMISSIONER** ) | Chief United States District Judge |
| **OF SOCIAL SECURITY,** ) | |
| ) | |
| Defendant. ) | |

In this social security case, I remand the case to the Commissioner for further proceedings.

## *I. Background.*

Teresa K. Penley filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") denying the plaintiff's claims for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under titles II and XVI of the Social Security Act, 42 U.S.C.A. § 401-433, 1381-1383f (West 2003 & Supp. 2005). Jurisdiction of this court exists pursuant to 42 U.S.C.A. § 405(g) and 1383(c)(3).

My review under the Act is limited to a determination as to whether there is substantial evidence to support the Commissioner's final decision. If substantial evidence exists, this court's "inquiry must terminate," and the final decision of the Commissioner must be affirmed. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). Substantial evidence has been defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence, but may be somewhat less than a preponderance." *Id.*

Penly applied for benefits on October 15, 2002, alleging disability as of August 30, 2002, due to deteriorating discs; pain in the chest, back, neck, shoulders, arms, and legs; stomach problems; osteoarthritis; and anxiety. The claim was denied initially and on reconsideration, and a request for hearing was timely filed. After an administrative hearing, in a decision dated August 13, 2003, the administrative law judge ("ALJ") found that the plaintiff was not disabled within the meaning of the Act. The Social Security Administration's Appeals Council ("Appeals Council") denied review, and the ALJ's opinion constitutes the final decision of the Commissioner.

The plaintiff filed this action seeking judicial review of the Commissioner's decision denying her application for benefits. The parties have filed cross motions for summary judgment and briefed the issues; therefore, the case is now ripe for decision.

## II. Facts.

The plaintiff was thirty-seven years old at the time of the ALJ's decision, a younger individual under the regulations. She has a high school education and past relevant work experience as an assistant manager, an assembler, a sewing machine operator, and a fast food worker. The jobs of assistant manager and sewing machine operator were semi-skilled vocationally and the jobs of assembler and fast food worker were unskilled. All of the plaintiff's past jobs required light exertion. The plaintiff has not engaged in substantial gainful activity since the alleged onset date of disability.

In denying the plaintiff's claim for disability, the ALJ considered medical evidence from E. Manoharan, M.D.; Rita Brown, N.P.; Michael Sullivan, M.D.; D. Kaye Wirtzman, behavioral health consultant; Nathan Doctry, M.D.; and Charles Morris, M.D., as well as the opinions of state agency physicians. The ALJ also considered evidence from Robert S. Spangler, a vocational expert ("VE"), who testified at the administrative hearing.

Because the ALJ offered a detailed summary of the medical record in his hearing decision (R. at 18-21), I will not repeat that evidence. Based upon the evidence, the ALJ determined that the plaintiff has an impairment or combination of impairments considered severe under the regulations, but that these medically

determinable impairments do not meet or medically equal a listed impairment. (R. at 22.) The ALJ found that the plaintiff has the residual functional capacity ("RFC") to perform unskilled, light work that does not require more than simple tasks and that does not expose the claimant to a stressful environment. (*Id.*) While the ALJ found that the plaintiff was unable to perform any of her past relevant work and that her exertional and nonxertional limitations do not allow her to perform a full range of light work, he determined that, based on the guidelines and the VE's testimony, there are a significant number of jobs in the national economy that she could perform. Thus, the ALJ concluded that Penley was not disabled.

## *II. Analysis.*

The plaintiff contends that the ALJ's decision is not supported by the substantial evidence of record. Specifically, the plaintiff argues that the ALJ failed to apply the standard set forth in Social Security Ruling ("SSR") 96-8p when formulating his RFC finding. The plaintiff also argues that the ALJ further erred in failing to properly weigh the opinion of the plaintiff's treating therapist, D. Kaye Weitzman.

With regard to the plaintiff's first argument, the ALJ determined that the plaintiff "has the [RFC] to perform unskilled, light work that does not require more

- 4 -

than simple tasks and that do not expose the claimant to a stressful environment." (R. at 20.) Under the regulations,

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.

20 C.F.R. § 404.1567(b) (2005). The plaintiff argues that the ALJ committed error because he failed to assess the plaintiff's ability to perform each of the functions required of light work, as required by SSR 96-8p.

SSR 96-8p, which provides guidance for assessing a claimant's RFC, states in pertinent part that:

> The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis . . . . Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy.
>
> . . . .
>
> . . . Exertional capacity addresses an individual's limitations and restrictions of physical strength and defines the individual's remaining abilities to perform each of seven strength demands: Sitting, standing, walking, lifting, carrying, pushing, and pulling. Each function must be considered separately (e.g., "the individual can walk for 5 out of 8 hours and stand for 6 out of 8 hours"), even if the final RFC assessment will combine activities (e.g., "walk/stand, lift/carry, push/pull").

- 5 -

> . . . .
>
> . . . The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

SSR 96-8p, *available at* 1996 WL 374184, at *1, 7.

Here, the ALJ concluded that Penley has the RFC to perform a significant range of light work, however he made no findings about her ability to lift twenty pounds occasionally or ten pounds frequently, to do a good deal of walking or standing, or to sit while pushing or pulling arm or leg controls. The Commissioner points out that the ALJ asked the VE to "assume the claimant is restricted to light work activities, which requires lifting of 20 pounds occasionally and 10 pounds frequently," but this does not satisfy the requirement that the ALJ describe how the evidence supported the conclusion that Penley could perform these functions on a sustained basis. Therefore, the ALJ's RFC assessment failed to apply the standard set out in SSR 96-8p, and the case must be remanded for consideration of the

plaintiff's ability to perform each function required of light work on a regular and continuing basis. *See, e.g.*, *Kilps v. Barnhart*, 250 F. Supp. 2d 1003, 1015 (E.D. Wis. 2003).

The plaintiff's second argument, regarding the weight accorded to the Medical Assessment of Ability to do Work-related Activities (Mental) completed by D. Kaye Weitzman, is without merit. First, Weitzman, a behavioral health consultant, is not an acceptable medical source under the regulations. *See* 20 C.F.R. § 404.1513(a), 416.913(a) (2005). While an ALJ "may" use evidence from sources other than an acceptable medical source to show the severity of the claimant's impairments and how it affects the claimant's ability to work, such consideration is not required. *See* 20 C.F.R. § 416.913(d) (2005). Thus, it was within the ALJ's discretion to even consider Weitzman's records and opinion.

Moreover, substantial evidence from the record supports the ALJ's determination that Weitzman's assessment was inconsistent with the medical evidence as a whole. For example, Weitzman's own records indicate that the plaintiff experienced improvement at each counseling session and that she did not need counseling more than once every two to three weeks. (R. at 354-55.) Additionally, psychological examinations performed by emergency room physicians were normal despite the plaintiff's reported history of anxiety attacks. (R. at 118-19, 373-74.) As

the ALJ pointed out in his decision, the plaintiff had "only seen the mental health source for two months" and had "no prior psychiatric hospitalizations or outpatient psychiatric treatment." Thus, this argument is without merit.

*IV. Conclusion.*

For the foregoing reasons, the parties' motions for summary judgment will be denied and the case will be remanded for further administrative consideration.

An appropriate final judgment will be entered.

DATED: March 23, 2006

/s/ JAMES P. JONES
Chief United States District Judge